## CIRCUIT COURT OF LOUDOUN COUNTY

Mary E. Dellospidale

v.

William Alexander Hargett
and John Doe

November 25, 1997

Case No. (Law) 18686

BY JUDGE JAMES H. CHAMBLIN

On November 7, 1997, counsel argued the Special Plea in Bar of the Defendant, William Alexander Hargett. After consideration of the argument of counsel, the plea is overruled because the Plaintiff, Mary E. Dellospidale, has cured a misnomer of the Defendant Hargett as contemplated by Virginia Code § 8.01-6.

### *Factual Background*

For purposes of ruling on the Plea, counsel agreed that I could consider as true all facts stated in the various pleadings, affidavits, responses to requests for admissions, and the other papers filed in this case.

On March 8, 1995, the Plaintiff's vehicle was struck from the rear by a vehicle driven by William Alexander Hargett. The vehicle was owned by Mary Frances Hargett but was being driven by Mr. Hargett for his personal use and benefit. At the scene, Mr. Hargett identified himself to the Plaintiff as "Alex Hargett," and he appeared to the Plaintiff to be a female. Also, the rescue personnel on the scene documented that they found "2 females standing outside of the vehicles." The Plaintiff is a female.

The Plaintiff alleges that she was injured in the collision. Her attorney, Daniel J. Travostino, corresponded with Progressive Casualty Insurance Company, starting on January 17, 1996, about the Plaintiff's claim. In a letter to Mr. Travostino dated January 25, 1996, a claims representative of

Progressive acknowledged Mr. Travostino's representation. The caption of the letter states:

| Re: Our Insured: | Mary Hargett |
|---|---|
| Claim Number: | 950136837 |
| Date of Loss: | 3/8/95 |
| Your Client: | Mary Dellospidale |

By letter dated January 15, 1997, Mr. Travostino advised Progressive that he had filed a Motion for Judgment in this Court and enclosed a copy of it. The Motion for Judgment named as Defendants "Mary Alex Hargett" and John Doe, an unknown driver who had stopped in front of the Plaintiff.

On March 26, 1997, posted service was made on "Mary Alex Hargett" at 282 West Meadowland Lane, Sterling, Virginia. Both Mary Frances Hargett and William Alexander Hargett resided at that address. It is the same address that Mr. Hargett gave to the Plaintiff at the time of the collision.

On April 15, 1997, Mary Frances Hargett, "incorrectly named as Mary Alex Hargett," filed an Answer and Grounds of Defense, as well as a Motion for Summary Judgment (based upon her not being the operator of the vehicle).

On April 18, 1997, the Plaintiff filed a Motion to Amend Name of Defendant to Correct Misnomer, together with a supporting affidavit of the Plaintiff.

On June 30, 1997, Mr. Hargett filed his Plea asserting that the claim against him was not filed within the two-year statute of limitations period. He alleges that the Plaintiff filed an Amended Motion for Judgment on or about May 5, 1997, naming him as a Defendant. There is no Amended Motion for Judgment in the court file. However, on July 17, 1997, I entered an agreed Order that provides, in pertinent part, that the Plaintiff is "granted leave of Court to file an Amended Motion for Judgment within ten (10) days of the entry of this Order to correct the misnomer in the Defendant's name, and to set forth the correct identity of the Defendant, to-wit: William Alexander Hargett . . . ." The same Order granted summary judgment in favor of Mary Frances Hargett.

### Legal Analysis

Mr. Hargett's Plea merely alleges that he was named as a defendant in this suit more than two years after the collision. The Plaintiff argues that

naming "Mary Alex Hargett" as the Defendant in the original Motion for Judgment is a misnomer and that the "relation back" provisions of § 8.01-6 apply. I agree with the Plaintiff.

This is not a case where the Plaintiff sued the wrong person. The Plaintiff sued the person who gave her at the scene the name "Alex Hargett." Later when the Plaintiff learned from Progressive that the insured's name is "Mary Hargett," it was reasonable to conclude that the driver of the vehicle that collided with the Plaintiff's vehicle was "Mary Alex Hargett." The Plaintiff had reason to believe that the driver was a female. "Alex" can be the name of a male or a female. The Plaintiff sued the right person but merely had reasonably concluded the wrong name of the person.

Because the Plaintiff's Motion to Amend was filed after the two-year statute of limitations had expired, her cause of action can only be preserved if the "relation back" provisions of § 8.01-6 have been satisfied. I feel that they have been satisfied.

Clearly, the claim asserted against Mr. Hargett arises out of the same conduct, transaction, or occurrence set forth in the original Motion for Judgment. As early as January, 1996 (over one year before the expiration of the statute of limitations), Mr. Hargett, through the insurance carrier covering him for this claim, received notice of the claim. Progressive received notice of the institution of the suit in January, 1997, well within the prescribed limitations period.

Mr. Hargett and his insurance carrier have shown no prejudice in maintaining a defense on the merits of the Plaintiff's claim. They knew, when the original Motion for Judgment was filed, that but for the mistake concerning the identity of the proper party Defendant, the action would have been brought against Mr. Hargett. They knew about the collision, the claim, and who had been driving the vehicle that collided with the Plaintiff's vehicle well before the statute of limitations expired. In Mr. Travostino's letter of representation dated January 17, 1996, he states that "Alex Hargett" is the insured. In Progressive's letter acknowledging the representation, dated January 25, 1996, the insured is stated as "Mary Hargett." The difference in the names should have at least put Progressive on notice that the driver may be a different person from the insured. Mr. Hargett presented nothing to show when Progressive learned the exact identity of the driver. Hence, it is a reasonable inference that it knew that Mr. Hargett was the driver as early as January, 1996.

Mr. Hargett presented nothing to show that it was unreasonable for the Plaintiff to believe that the driver was a female. Accordingly, I think it is a little less than sincere on the part of Progressive to press this issue when its

correspondence to Plaintiff's counsel helped compound the problem. I do not think the Plea would have been filed if the Defendant in the original Motion for Judgment had been merely named as "Alex Hargett."

### Order

Let Mr. Travostino prepare an Order overruling the Plea for the reasons stated herein to which Mr. MacDonald may note his exceptions. Let the Order also allow the filing of grounds of defense within ten days after entry of the Order.